**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold L. Loveland, Jr., et al., | |
| Plaintiffs, | No. CV-13-02621-PHX-PGR |
| vs. | ORDER |
| Katia Valencia, et al., | |
| Defendants. | |

Pending before the Court is the plaintiffs' Motion to Modify Scheduling Order and for Leave to Amend Complaint (Doc. 48), filed September 3, 2014.  Having considered the parties' memoranda, the Court, in the exercise of its broad discretion in supervising the pretrial phase of this action, finds that the motion should be granted.[1]

Background

This action arises from a multi-vehicle accident on April 20, 2013 in Yuma, Arizona between a car driven by defendant Katia Valencia and four motorcycles, three of which the five plaintiffs were riding on.  The plaintiffs' (re-filed) Complaint

---

[1] Although the defendants have requested oral argument, the Court concludes that oral argument would not significantly aid the decisional process.

(Doc. 7) alleged two negligence claims against Katia Valencia and a negligent entrustment claim against her father, Carlos Valencia. Pursuant to the Scheduling Order (Doc. 28), entered on May 14, 2014, motions to amend the pleadings or to join additional parties were to be filed no later than May 30, 2014. The plaintiffs are now seeking leave to file a second amended complaint that adds four new defendants, Emelia Valencia, Lilliana Valencia, Valencia Rentals, LLC, and Rivera Apartments, LLC, and three new claims, a social joint venture claim against Katia and Carlos Valencia, a fraudulent transfer claim against all of the defendants, and a family purpose liability claim against Carlos Valencia. The parties held an unsuccessful settlement conference on August 25, 2014.

Discussion

Because the plaintiffs' motion was filed after the deadline set by the Scheduling Order, the motion must be resolved primarily under the "good cause" standard of Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir.1992). Under this standard, the Court's primary focus is on the plaintiffs' diligence in seeking to amend their complaint and on their reasons for seeking modification of the Scheduling Order. *Id.*, at 609.

The plaintiffs argue that the facts underlying their proposed amendments were not discovered by them until after the May 2014 deadline to amend had passed. They state that in preparation for the August settlement conference, additional research was completed regarding real property belonging to the defendants that had the potential to be offered during settlement negotiations. They state that they learned through an asset investigation report on August 14, 2014, that shortly after the accident occurred the defendants created two limited liability companies and

1  transferred all but one of their real properties to those companies, and that they sold
2  another real property to a family member for $10.  The creation of these entities and
3  the property transfers form the basis of the proposed fraudulent transfer claim and
4  the proposed addition of the family-owned LLCs and the two additional family
5  members as defendants.  The plaintiffs also state that while the title to the
6  defendants' vehicle involved in the accident, which showed that it was jointly owned
7  by Katia and Carlos Valencia, was disclosed to them on June 2, 2014, the vehicle's
8  title was not authenticated and legal title was not confirmed for purposes of their
9  proposed social joint venture and family purpose liability claims until the defendants
10 were deposed on June 30, 2014.  The plaintiffs further state that they conducted
11 additional research into the legal and factual sufficiency of their proposed
12 amendments after the settlement conference proved to be unsuccessful.

13 The defendants argue that the plaintiffs have not exercised the due diligence
14 required by Rule 16(b) because all of the facts underlying the proposed amendments
15 were available through Arizona and California public records and reasonable
16 investigation more than nine months prior to the Scheduling Order's deadline for
17 amending pleadings.

18 While the Court recognizes that the plaintiffs could have moved to amend
19 earlier than they did, the Court concludes that their explanation for the delay is
20 sufficiently plausible, including their desire to first see if the settlement conference
21 would be successful, and that under the circumstances they did not unduly delay in
22 filing their motion to amend. The Court also concludes that the plaintiffs' reasons for
23 seeking to add their proposed amendments are appropriate given the
24 circumstances.  They have therefore met their burden under Rule 16(b) of showing
25 good cause for the delay.

The Court further concludes that the plaintiffs are entitled to amend their complaint under the liberal standard of Fed.R.Civ.P. 15(a). The record does not establish any undue delay, bad faith or dilatory motive on the plaintiffs' part, and the proposed amendments do not facially constitute an exercise in futility. While the defendants argue that they will suffer "incredible prejudice" if the plaintiffs are allowed to amend their complaint, the Court is not persuaded. *See* DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987) (Court noted that Rule 15's "policy of favoring amendments to pleadings should be applied with 'extreme liberality'" and that "[t]his liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties.")

Although the addition of the new parties and claims will necessarily cause a delay in this action, the Court does not believe that any delay will be unduly excessive, especially since all of the new proposed defendants are closely connected to the existing defendants. Furthermore, the defendants will have to defend against the new claims in any case as the plaintiffs state that if their motion to amend is denied they will just file a separate action containing their proposed amendments and will seek to consolidate it with this one. The Court will mitigate the effects of the delay on the defendants by staying all deadlines in the current Scheduling Order until such time as an amended scheduling order can be entered.

While the Court will permit the plaintiffs to file a second amended complaint, the plaintiffs will be required to correct some deficiencies in their proposed amended complaint. First, the caption of the second amended complaint must contain the names of all parties to this action as required by Fed.R.Civ.P. 10(a). Second, the second amended complaint must properly allege the citizenship of the new limited liability company defendants by specifying the citizenship of each of their members.

1  *See* Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir.
2  2006). Therefore,

3  IT IS ORDERED that the plaintiffs' Motion to Modify Scheduling Order and for
4  Leave to Amend Complaint (Doc. 48) is granted to the extent that the plaintiffs shall
5  file their second amended complaint no later than **December 29, 2014**. The second
6  amended complaint shall be as proposed in the plaintiffs' motion but with the
7  exception that it corrects the pleading deficiencies noted in this Order. The plaintiffs
8  shall file separate notice of the filing of their second amended complaint in
9  conformity with LRCiv 15.1(b).

10  IT IS FURTHER ORDERED that the plaintiffs shall serve the second amended
11  complaint no later than **January 9, 2015**.

12  IT IS FURTHER ORDERED that the deadlines in the Scheduling Order (Doc.
13  28) are stayed pending further order of the Court.

14  IT IS FURTHER ORDERED that the parties shall file a supplemental Joint
15  Case Management Report proposing new pretrial scheduling deadlines no later than
16  **February 13, 2015**.

17  DATED this 19th day of December, 2014.

Paul G. Rosenblatt
United States District Judge